NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDRE MOREAU, | Civil Action No. 2:18-cv-14213 (SDW) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| | June 25, 2019 |
| Defendant. | |

**WIGENTON,** District Judge.

Before this Court is Plaintiff Andre Moreau's ("Plaintiff") appeal of the final administrative decision of the Commissioner of Social Security ("Commissioner"). Specifically, Plaintiff appeals Administrative Law Judge Theresa Merrill's ("ALJ Merrill") denial of his claim for a period of disability and disability insurance benefits under the Social Security Act (the "Act"). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. This Court has subject matter jurisdiction according to 42 U.S.C. § 405(g). Venue is proper under 28 U.S.C. § 1391(b). For the reasons set forth below, this Court finds that substantial credible evidence supports ALJ Merrill's factual findings and her legal determinations are correct. Therefore, the Commissioner's decision is **AFFIRMED**.

## I. PROCEDURAL AND FACTUAL HISTORY

### A. Procedural History

On January 20, 2015, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning January 25, 2008, due to HIV, high blood pressure, diabetes and nerve pain in both legs. (Administrative Record [hereinafter R.] 30, 34, 214.) Plaintiff subsequently amended his alleged onset date to May 7, 2008.[1] (R. 30.) Plaintiff's application was denied initially on June 4, 2015, and again on reconsideration on September 19, 2015. (*Id.*) On October 6, 2015, Plaintiff requested a hearing; on June 15, 2017, Plaintiff, along with counsel, appeared and testified at an administrative hearing before ALJ Merrill in Newark, New Jersey. (*Id.*) Vocational Expert Rocco J. Meola ("VE Meola") also testified. (*Id.*) Subsequently, ALJ Merrill concluded that Plaintiff was not disabled under §§ 216(i) and 223(d) of the Act from the alleged onset of disability through the date last insured (i.e., May 7, 2008, through March 31, 2009) ("Relevant Period").[2] (R. 30, 36.)

---

[1] In disability claims, the alleged onset date is the date a claimant's medical condition leaves him or her unable to work. 3 Soc. Sec. Law & Prac. § 39:3 (June 2019). Plaintiff suggests that ALJ Merrill indicated she would grant his application for benefits if he changed his onset date. (Pl's Br. at 19.) The ALJ, however, never made this promise, but rather stated the opposite, explaining that changing the date would not bear on his claim at all. (R. 100.) ALJ Merrill only asked whether any consideration had been given to amending the alleged onset date, January 25, 2008, to the day before Plaintiff's fiftieth birthday, May 7, 2008, but explained, "I wouldn't consider disability prior to that [date], but it wouldn't affect your Title II benefits in any way." (*Id.*) Plaintiff agreed to amend the onset date. (*Id.*)

[2] The Plaintiff's earnings record illustrates that he had acquired sufficient quarters of coverage to remain insured through March 31, 2009, his "date last insured." (R. 31.) Therefore, Plaintiff must establish disability on or before that date to be entitled to disability insurance benefits. (*Id.*)

## B. Factual History

### 1. Personal and Employment History

Plaintiff was born on May 8, 1958 and was fifty-nine years old at the time of ALJ Merrill's 2017 Decision. (R. 62.) Plaintiff has completed the twelfth-grade. (*Id.*) He previously worked as a line chef and then as an executive chef. (R. 67.)

### 2. Medical History

The record demonstrates that medical practitioners examined, consulted, and treated Plaintiff for the physical symptoms associated with his disability claim. The following is a summary of the evidence.

Prior to the Relevant Period, Plaintiff experienced several diabetes-related symptoms, but no work or other limitations were documented as a result. (R. 309, 369, 374, 382.) In April 2007, Newark Beth Israel Medical Center physicians diagnosed Plaintiff with new onset diabetes after he complained of frequent urination, thirst, blurry vision, and weight loss. (R. 371, 374.) However, in later examinations, Plaintiff had intact pulses, sensation, and reflexes, as well as normal strength and negative straight leg raises. (R. 369, 375, 382.) Plaintiff returned to Newark Beth Israel Medical Center in December 2007 because of back pain. (R. 369.) However, his examinations again showed intact pulses, sensation, and reflexes in addition to normal strength and negative straight leg raises. (R. 34, 375.) Throughout evaluations he remained awake, alert, and in no distress, except for mild spasm and tenderness in the lumbar area. (*Id.*)

During the Relevant Period, Plaintiff alleges he suffered from physical ailments including high blood pressure, diabetes, and nerve pain, however he experienced only minimal limitations. (R. 34-35.) In June 2008, Plaintiff was treated for hyperglycemia at Newark Beth Israel Medical Center. (R. 382-83.) Plaintiff also reported some tenderness in the lumbar spine, but showed

normal findings of gait and range of motion, with intact reflexes and pedal pulses. (R. 35, 375, 382.) In December 2008, Plaintiff returned to Newark Beth Israel Medical Center due to chest pain. (R. 375.) Although Plaintiff was diagnosed with acute coronary syndrome, hyperglycemia, and low back pain, he was treated with medication, and signed out of the emergency room against medical advice, because he did not want to wait for a second set of test results. (R. 378-79.) On January 21, 2009, Dr. Stephen DeFronzo ("Dr. Defronzo") diagnosed Plaintiff with uncontrolled diabetes and hypertension, and prescribed Lantus and Novolog. (R. 301.)

After the Relevant Period, Plaintiff experienced HIV and related infections, peripheral neuropathy, and cerebral vascular accidents (strokes). (R. 34-35.) However, these conditions manifested after the date last insured and therefore are not relevant for this appeal. (*Id.*, 430.) A medical source statement issued by Dr. DeFronzo in March 2015 described Plaintiff's history of HIV, diabetes, peripheral neuropathy, hypertension, destructive sleep apnea, and dyslipidemia, and documented Plaintiff's chest pain, muscle weakness, and fatigue, but notably only describes symptoms after the Relevant Period. (R. 430.)

### 3. Hearing Testimony

ALJ Merrill conducted a hearing on June 15, 2017, during which Plaintiff testified about his education, previous employment, medical conditions, treatment and daily activities. (R. 57-105.) Plaintiff explained that he previously worked as a chef, but stopped because of nerve pain in his back, feet, hip, and legs. (R. 66-68, 72.) He stated he weighs approximately 209 pounds and is five feet, eight inches tall. (R. 63.)

Plaintiff discussed his prior role as line chef, where he was responsible for prep work such as chopping, cutting, and broiling food. (R. 67.) Subsequently, when he transitioned to executive chef, Plaintiff took on additional responsibilities such as deciding the specials, hiring, firing,

4

supervising, and keeping track of other employee's attendance. (R. 68-69.) Both these roles required standing for long hours, as well as carrying and lifting heavy objects. (R. 70.)[3]

Plaintiff testified about his diabetes diagnosis and the medication he was prescribed. (R. 75-76.) Plaintiff stated he checks his blood pressure twice a day, once before and once after he eats. (R. 76.) His high blood sugar ultimately caused multiple strokes, the first in October 2009, and two in 2016. (R. 77.) Despite therapy and medication, Plaintiff testified that he experiences weakness and numbness in his legs. (R. 78, 80, 82-83.)

While working in 2007 and 2008, Plaintiff admitted burning and numbness in his legs, hands, and feet, leaving him unable to stand for long time periods.[4] (R. 94, 96.) He reported insomnia, difficulty carrying heavy objects, falling because of problems with his balance, and more frequent urination. (R. 85, 95-96, 98.) Although Plaintiff testified about a number of physical limitations caused by his diabetes, high blood pressure, and strokes, most of these conditions were not present during the Relevant Period. (R. 34.) For example, Plaintiff described concentration and memory issues caused by his medication, difficulty walking without a cane or support, and the inability to drive more than short distances, but these symptoms all occurred after the date last insured. (R. 34, 83, 90, 99.)

## II. <u>LEGAL STANDARD</u>

### A. Standard of Review

In Social Security appeals, this Court has plenary review of the legal issues decided by the Commissioner. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). However, this Court's review of

---

[3] VE Meola's testimony concluded that the skills Plaintiff acquired as a chef and line cook are specific to the industry and would not be transferable to the sedentary level. (R. 103.)
[4] Physicians prescribed Gabapentin to treat these symptoms, but Plaintiff described it as ineffective. (R. 87.) Plaintiff later switched to Lyrica. (*Id.*)

5

the ALJ's factual findings is limited to determining whether there is substantial evidence to support those conclusions. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citation and quotations omitted). Thus, substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Importantly, "[t]his standard is not met if the Commissioner 'ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Id.* (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). However, if the factual record is adequately developed, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Daniels v. Astrue*, No. 4:08-cv-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) (internal quotation marks omitted)). "The ALJ's decision may not be set aside merely because [a reviewing court] would have reached a different decision." *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft*, 181 F.3d at 360). This Court is required to give substantial weight and deference to the ALJ's findings. *See Scott v. Astrue*, 297 F. App'x 126, 128 (3d Cir. 2008). Nonetheless, "where there is conflicting evidence, the ALJ must explain which evidence she accepts and which she rejects, and the reasons for that determination." *Cruz*, 244 F. App'x at 479 (citing *Hargenrader v. Califano*, 575 F.2d 434, 437 (3d Cir. 1978)).

**B. The Five-Step Disability Test**

42 U.S.C. § 1382 governs a claimant's eligibility for social security benefits. An individual

6

will be considered disabled under the Act if the claimant is unable "to engage in any substantial gainful activity due to any medically determinable physical or mental impairment" lasting continuously for at least twelve months. 42 U.S.C. § 423(d)(1)(A). The impairment must be severe enough to render the individual "not only unable to do her previous work but [unable], considering her age, education, and work experience, [to] engage in any kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A claimant must show that the "medical signs and findings" related to ailment have been "established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged . . . ." 42 U.S.C. § 423(d)(5)(A).

To make a disability determination, the ALJ follows a five-step sequential analysis. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Cruz*, 244 F. App'x at 480. If the ALJ determines at any step that the claimant is or is not disabled, the ALJ does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Step one requires the ALJ to determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is defined as work that "[i]nvolves doing significant and productive physical or mental duties . . . for pay or profit." 20 C.F.R. §§ 404.1510, 416.910. If the claimant engages in SGA, the claimant is not disabled for purposes of receiving social security benefits regardless of the severity of the claimant's impairments. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the individual is not engaging in SGA, the ALJ proceeds to step two.

Under step two, the ALJ determines whether the claimant suffers from a severe impairment

or combination of impairments that meets the duration requirement found in §§ 404.1509 and 416.909. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or a combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or combination of abnormalities that would have a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rules ("SSR") 85-28, 96-3p, 96-4p. An impairment or a combination of impairments is severe when it significantly limits the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If a severe impairment or combination of impairments is not found, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the ALJ finds a severe impairment or combination of impairments, the ALJ then proceeds to step three.

Under step three, the ALJ determines whether the claimant's impairment or combination of impairments is equal to, or exceeds, one of those included in the "Listing of Impairments" in 20 C.F.R. Part 404, Subpart P, App. 1, 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If an impairment or combination of impairments meets the statutory criteria of a listed impairment as well as the duration requirement, the claimant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d). If, however, the claimant's impairment or combination of impairments does not meet the severity of the listed impairment, or if the duration is insufficient, the ALJ proceeds to the next step.

Before undergoing the analysis in step four, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(a), 404.1520(e), 416.920(a), 416.920(e). An individual's RFC is the individual's ability to do physical and mental work activities on a sustained basis despite limitations from his or her impairments. 20 C.F.R. §§ 404.1545, 416.945. The ALJ considers all impairments in this analysis, not just those deemed to be severe. 20 C.F.R. §§

404.1545(a)(2), 416.945(a)(2); SSR 96-8p.  After determining a claimant's RFC, step four then requires the ALJ to determine whether the claimant has the RFC to perform the requirements of his or her past relevant work.  20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).  If the claimant can perform past relevant work, he or she will not be found disabled under the Act.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).  If the claimant is unable to resume past work, the disability evaluation proceeds to the fifth and final step.

At step five, the ALJ must determine whether the claimant can do any other work, considering RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Unlike in the first four steps of the analysis where the claimant bears the burden of persuasion, the burden shifts to the ALJ at step five to determine whether the claimant is capable of performing an alternative SGA present in the national economy.  20 C.F.R. §§ 404.1520(g)(1) (citing 404.1560(c)), 416.920(g)(1) (citing 416.960(c)); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987).  At this point in the analysis, the Social Security Administration ("SSA") is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do, given [the claimant's RFC] and vocational factors."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2).  If the claimant is unable to do any other SGA, he or she is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III.   DISCUSSION

In her decision dated October 10, 2017, ALJ Merrill correctly applied the five-step disability test before determining that Plaintiff was not disabled.  (R. 33-36.)  The ALJ's findings are supported by substantial credible evidence, and there is no basis for remand or reversal because she appropriately considered all of Plaintiff's medically supported complaints as evidenced by his

consultative visits and limited medical treatment. Plaintiff had no medically supported disability during the ten month Relevant Period.

At step one of the five-step test, ALJ Merrill determined that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of May 7, 2008 through his date last insured of March 31, 2009. (R. 32); *see also* 20 C.F.R. §§ 404.1571 *et seq*.

At step two, ALJ Merrill properly considered the entire medical record in finding that Plaintiff did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for twelve consecutive months through the date last insured. (R. 33); *see also* 20 CFR 404.1521 *et seq*. Although Plaintiff has had various health problems, Plaintiff did not have severe impairments during the Relevant Period. (R. 33); 20 CFR 404.1521 *et seq*. ALJ Merrill's findings are supported by substantial evidence in the record.

Although the Plaintiff's impairments could have reasonably produced the alleged symptoms, his statements concerning their intensity, persistence, and limiting effects are not entirely consistent with the medical evidence and other evidence in the record. (R. 34.) Plaintiff did have diabetes during the Relevant Period, but prior to the date last insured, it did not cause more than minimal limitations. (R. 35.) Although he did have two episodes of hyperglycemia, these were resolved with treatment. (*Id.*) He subsequently had normal findings in examinations with intact sensation, reflexes, strength and gait. (*Id.*) Plaintiff's other medical issues, such as strokes and HIV, all occurred after the date last insured and therefore are not relevant here. (*Id.*) Additionally, after reviewing the record, the state agency physicians opined that there was insufficient evidence to establish Plaintiff's claim prior to the date last insured. (R. 113, 129.)

Because the ALJ determined at step two that the Plaintiff was not disabled, she correctly did not proceed to the other steps of the disability test. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Plaintiff raises several issues on appeal that are not supported by the record.

First, Plaintiff's obesity claims are unfounded, because nowhere in the record does Plaintiff assert obesity caused his disability. (R. 109, 232.) Further, Plaintiff fails to rely on any evidence from the Relevant Period that documents his obesity or that illustrates this significantly limited his ability to perform basic work activities prior to the date last insured.

Second, Social Security Ruling (SSR) 18-01 is not applicable here as it became effective in October 2018, approximately one year after the ALJ's decision. (Def.'s Br. at 9). Further, its precursor, SSR 83-20, is also not applicable because it concerns the relevant evidence to consider when establishing the onset of disability and here, the alleged onset date is not disputed. 1983 WL 31249. Moreover, SSR 83-20 is generally applied where an ALJ does indeed find a claimant to be disabled, but because of ambiguities or a lack of medical evidence, it is impossible to determine the onset date. *See* SSR 83-20, 1983 WL 31249; *see also Klangwald v. Comm'r of Soc. Sec.*, 269 F. App'x 202, 205 (3d Cir. 2008) (explaining that SSR 83-20 is usually applied where medical evidence from the Relevant Period is unavailable). However, ALJ Merrill based her decision that Plaintiff was not disabled on substantial credible evidence. (R. 36.)

Lastly, the ALJ properly found that Dr. DeFronzo's March 2015 assessment was immaterial as it did not speak to Plaintiff's condition during the Relevant Period. (R. 36.) An ALJ must consider all medical opinions in the record, but can use a number of factors to decide the weight to give to any opinion, such as supportability, consistency and specialization. 20 C.F.R. §§ 404.1527(c). Plaintiff's claim that ALJ Merrill was mistaken in discarding Dr. DeFronzo's March 2015 opinion is unfounded. (Pl's Br. at 20.) The ALJ is free to give a treating physician's opinion less weight or even reject it, so long as the ALJ clearly explains her reasons (unless the opinion was designated as having controlling weight). *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x

140, 148 (3d Cir. 2007); *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (explaining that an ALJ may afford a treating physician's opinion more or less weight depending on supporting explanations).[5] Dr. DeFronzo's assessment was approximately six years after Plaintiff's date last insured and did not address his prior functioning level. (R. 36.) There is no indication that his assessment was applicable to Plaintiff's condition during the Relevant Period, and therefore ALJ Merrill was free to reject it.

IV. **CONCLUSION**

Because this Court finds that ALJ Merrill's factual findings were supported by substantial credible evidence in the record and that her legal conclusions were correct, the Commissioner's decision is **AFFIRMED**.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Parties

---

[5] A physician's opinion will have "controlling weight" only if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with other substantial evidence in the record. *Salles*, 229 F. App'x at 148.